# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| IN RE MCLEODUSA INCORPORATED SECURITIES LITIGATION | No. C02-0001-MWB<br><br>**ORDER AND FINAL JUDGMENT** |

On the day of November 29, 2006, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated September 14, 2006 (the "Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Purchaser and Merger Classes (together, the "Class") against the Defendants in the Action now pending in this Court under the above-caption, including the release of all Settled Claims as against the Defendants and the Released Parties, and should be approved; (2) whether judgment should be entered dismissing the Action on the merits and with prejudice in favor of the Defendants only and as against all persons or entities who are members of the Class herein who have not requested exclusion therefrom; (3) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among the Class Members; (4) whether and in what amount to award Plaintiffs' Counsel attorneys' fees and reimbursement of expenses; and (5) whether and in what amount to award Lead Plaintiffs for reimbursement of their reasonable costs and expenses (including lost wages) directly relating to their representation of the Class. The court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court was mailed to (a) the Purchaser Class

consisting of all persons who purchased or otherwise acquired McLeodUSA Incorporated ("McLeodUSA") common stock during the period from and including January 3, 2001 through and including December 3, 2001, and were damaged thereby; and (b) the Merger Class consisting of all persons who acquired McLeodUSA common stock pursuant to the Registration Statement and Prospectus issued in connection with McLeodUSA's June 1, 2001 stock for stock acquisition of Intelispan, Inc. as shown by the records of McLeodUSA's shareholder lists, or otherwise, at the respective addresses set forth in such records, and that a summary notice of the hearing substantially in the form approved by the Court was published in the national edition of *The Wall Street Journal* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested; and the Court having considered an award to Lead Plaintiffs for reimbursement of their reasonable costs and expenses (including lost wages) directly relating to their representation of the Class; and all capitalized terms used herein having the meanings as set forth and defined in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Court has jurisdiction over the subject matter of the Action, the Lead Plaintiffs, all Class Members and the Defendants.

2. The Court finds that for the purposes of the Settlement, the prerequisites for a class action under Rule 23(a) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Class Representatives are typical of the claims of the Class they seek to represent; (d) the Class Representatives have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact to the Class Members predominate over any questions affecting only individual Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and for the purposes of the Settlement, this Court hereby certifies this action as a class action on behalf of (a) the Purchaser Class consisting of all persons who purchased or otherwise acquired

McLeodUSA common stock during the period from and including January 3, 2001, through and including December 3, 2001, and were damaged thereby; and (b) the Merger Class consisting of all person who acquired McLeod USA common stock pursuant to the Registration Statement and Prospectus issued in connection with McLeodUSA's March 19, 2001, stock for stock acquisition of Intelispan, Inc. and were damaged thereby (the Purchaser Class and the Merger Class being collectively the "Class"). Excluded from the Class are Defendants, Forstmann Little & Co. (Forstmann), and partners at Forstmann during Class Period, members of Defendants' immediate families, any entity in which any Defendant, McLeodUSA or Forstmann, and the officers, directors, affiliates, legal representatives, heirs, predecessors, successors, or assigns of any of the Defendants, McLeodUSA or Forstmann. Also excluded from the Class are the putative Class Members listed on Exhibit 1 annexed hereto, who have requested exclusion from the Class. Steven C. Paul, Mary L. Estrin, Robert Estrin, Richard Starch, Susan Starch, Timothy J. Brustkern, Sandra K. Brustkern, John Baltezore, Cindy Baltezore, and Ronna J. Stull timely sought exclusion from the class. Jon Kayyem (IFN, LP-MC & Hi Charitable Rem-MC) did not. However, by agreement of the parties, even though Jon Kayyem and his related entities did not timely file a request for exclusion, they are hereby excluded from the Class.

4. Notice of pendency of this Action as a class action and of the proposed Settlement was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class Members of the pendency of the action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21(D)(a)(7) of the Exchange Act, 15 U.S.C. 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), due process and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

5. The Settlement is approved as fair, reasonable and adequate, and the Class Members and the Parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

6.     The Complaint is hereby dismissed with prejudice and without costs as against the Defendants.

7.     Upon the Effective Date of this Settlement, Lead Plaintiffs and members of the Class on behalf of themselves, their heirs, executors, administrators, successors and assigns, shall, with respect to each and every Settled Claim, release and forever discharge, and shall forever be enjoined from prosecuting, either directly or in any other capacity, any Settled Claims against any and all of the Released Parties. In addition, except for the claims under the Stipulation, and agreements, and transactions contemplated in the Stipulation, no Lead Plaintiff or Class Member will voluntarily become a party to any suit or proceeding arising from or in connection with an attempt by or on behalf of any third party to enforce or collect an amount, based on any Settled Claim.

8.     Upon the Effective Date of this Settlement, each of the Defendants, on behalf of themselves and the Released Parties, shall release and forever discharge each and every of the Settled Defendants' Claims, and shall forever be enjoined from prosecuting the Settled Defendants' Claims.

9.     The Stipulation and any proceedings taken pursuant to it:

(a)     shall not be offered or received against any of the Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession or admission by any of the Defendants with respect to the truth of any allegation in the CAC, with respect to the truth of any allegation asserted by any of the Lead Plaintiffs or with respect to the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence fault or wrongdoing of the Defendants;

(b)     shall not be offered or received against the Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any of the Defendants;

(c)     shall not be offered or received against any of the Defendants, Lead Plaintiffs or the Class as evidence of a presumption, concession or admission with respect to

any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Defendants, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that once the Stipulation is approved by the Court, Defendants may refer to it to effectuate the liability protection granted them hereunder;

(d) shall not be construed as an admission or concession that the consideration to be given thereunder represents the amount which could be or would have been recovered after trial; and

(e) shall not be construed as or received in evidence as an admission, concession or presumption against Lead Plaintiffs or any of the Class Members that any of their claims are without merit, or that any defenses asserted by the Defendants have any merit, or that damages recoverable under the CAC would not have exceeded the Gross Settlement Fund.

10. The Plan of Allocation is approved as fair and reasonable, and the Claims Administrator is directed to administer the Settlement in accordance with its terms and provisions.

11. The court finds that all Parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

12. Plaintiffs' Counsel are hereby awarded 30% of the Gross Settlement Fund in fees, which sum the Court finds to be fair and reasonable, and $ 900,000 in reimbursement of expenses, which fees and expenses shall be paid to Plaintiffs' Counsel from the Gross Settlement Fund with interest from the date such Settlement Fund was funded to the date of payment at the same interest rate that the Settlement Fund earns. The award of attorneys' fees shall be allocated among other Plaintiffs' Counsel in a fashion which, in the opinion of Plaintiffs' Counsel, fairly compensate Other Plaintiffs' Counsel for their respective contributions in the prosecution of the Action.

13. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Gross Settlement Fund, the Court has considered and found that:

(a) The Settlement has created a fund of $30,000,000 in cash that is already

on deposit, plus interest thereon and that numerous Class Members who file acceptable Proof of Claim and Release forms will benefit from the Settlement created by Plaintiffs' Counsel;

 (b) Plaintiffs' Counsel have litigated this Action on a contingency basis; assuming significant risk in light of the uncertainty of payment for their efforts;

 (c) The action involves complex factual and legal issues and was actively prosecuted for over four years and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

 (d) Plaintiffs' Counsel and Defendants' Counsel are very experienced in federal securities fraud litigation;

 (e) Plaintiffs' Counsel have claimed to have devoted over 29,915.29 hours to achieve the Settlement. The court does not believe that all of the time expended was reasonable. This is true, especially, in light of the massive amount of time allegedly devoted to a review of documents, the vast majority of which appear to the court to be neither relevant or useful in proving any of the allegations contained in Plaintiffs' complaint;

 (f) Over 104,872 copies of the Notice were disseminated to putative class Members indicating that Plaintiffs' Counsel were moving for attorneys' fees in the amount of up to 33 1/3% of the Gross Settlement Fund and for reimbursement of expenses in an amount of approximately $900,000 and no objections were filed against the terms of the proposed Settlement or the ceiling on the fees and expenses requested by Plaintiffs' Counsel contained in the Notice; and

 (g) The amounts of attorneys' fees awarded and expenses reimbursed from the Settlement Fund are consistent with awards in similar cases.

14. Lead Plaintiffs Ailon Gruhkin for Millennium, Richard C. Chapman, Jeffrey H. Brandes are hereby awarded $ 13,068, $ 13,750, and $ 13,500, respectively, from the Gross Settlement Fund for reimbursement of their reasonable costs and expenses (including lost wages) directly relating to their representation of the Class in prosecuting this Action.

15. Exclusive jurisdiction is hereby retained over the Parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, including any application

for fees and expenses incurred in connection with administering and distributing the settlement proceeds to members of the Class, and to resolve any disputes concerning allocation of the attorneys' fees among Plaintiffs' counsel.

16. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

17. There is no just reason for delaying the entry of this Order and Final Judgment and immediate entry by the Clerk of Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

18. The Clerk of Court is directed to enter this order in the file of the above-captioned action.

**IT IS SO ORDERED.**

**DATED** this 5th day of January, 2007.

*[signature: Mark W. Bennett]*

MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA